IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO:_____

**HERMAN LEE CRAWFORD,**

      **Plaintiff,**

vs.

**PARK ONE OF FLORIDA, LLC.**
**a Foreign Profit Corporation,**

      **Defendant.**

_____/

## COMPLAINT

COMES NOW, Plaintiff, HERMAN LEE CRAWFORD ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, PARK ONE OF FLORIDA, LLC. ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. This action seeks damages in excess of $15,000.00, independent of attorney's fees, costs, and interest, as a result of Defendant's race discrimination and retaliation against Plaintiff all in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes ("FCRA").

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Plaintiff was at all relevant times an employee of Defendant.



5. Defendant, PARK ONE OF FLORIDA, LLC.., having its' main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

6. Defendant is accordingly an "employer" as defined by the FCRA.

7. Plaintiff alleges causes of action for race discrimination under the FCRA.

8. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and discrimination took place in Miami-Dade County.

9. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 18, 2017, claiming discrimination based on race (Attached herein as Exhibit A).

10. Plaintiff has accordingly exhausted her administrative remedies prior to initiating the instant suit.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff was employed by Defendant from approximately February 2017 until on or about June 2017 and then on or about November 21, 2017 through on or about December 15, 2017 as a Ramp Supervisor.

12. Plaintiff is a black African American male and a covered employee for purposes of the FCRA.

13. Throughout Plaintiff employment with Defendant, Plaintiff was continually discriminated against on the basis of his race (black).

14. Plaintiff was directly supervised by Manager Jairo (LNU) (White Hispanic) whom was authorized to act on behalf of Defendant.

15. Most employees were Hispanic.

16. Throughout Plaintiff's employment with Defendant, Plaintiff performed his duties in an exemplary fashion. However, Plaintiff was subjected to pervasive and continued negative treatment based on his race.

17. Defendant by and through Jairo discriminated against Plaintiff by treating the Plaintiff differently than the non-African American employees.

18. On or about December 12, 2017, Jairo showed up at the Plaintiff's location of work and told him that he was being demoted to a Runner.

19. As a Runner, Plaintiff's pay rate was decreased and Jairo told him "If you don't like it, you can leave."

20. When Plaintiff asked why he was being demoted, Jairo stated it was being done at the Hotel's request. (Nautilus Hotel)

21. Plaintiff went to the Hotel's personnel to ask for himself, and was told this request was untrue and they had never requested Plaintiff to be replaced.

22. Plaintiff's original position was given to a non-African American.

23. On or about December 14, 2017, Plaintiff spoke to Ricardo (LNU) (General Manager) and made a complaint against Jairo and his discriminatory treatment and unjust demotion towards him.

24. However, on or about December 15, 2017 as Plaintiff was on the way to work, he received a phone call from Jairo stating he was being terminated from the company.

25. Plaintiff firmly believes that he has been singled out, discriminated against and retaliated by Defendant based on his race (Black).

26. Defendant did not address Plaintiff's complaints of discrimination.

27. Defendant created a hostile work environment because of Plaintiff's race, black.

28. Plaintiff was terminated, in discrimination and retaliation for his complaints of discrimination due to his race, black African-American.

29. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

## COUNT I
### DISCRIMINATION BASED ON RACE
### IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

31. At all time material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race.

32. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

33. The Plaintiff is a black African American male and he possessed the requisite qualifications and skills to perform his position with Defendant.

34. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated; white Hispanic employees were allowed better work opportunities.

35. The Plaintiff was terminated as a result of his race and the reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

36. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

37. Moreover, as a further result of the Defendant unlawful race based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

38. Plaintiff was qualified for his position with Defendant.

39. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of employment.

40. Defendant retaliated against Plaintiff after complaints of race discrimination and failed to address complaints of discrimination.

41. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race.

42. The aforementioned actions of Defendant was done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *RETALIATION IN VIOLATION OF*
### *THE FLORIDA CIVIL RIGHTS ACT*

43. Plaintiff re-adopts each and every factual allegation as stated in 1 through 29 of this Complaint as if set out in full herein.

44. Defendant is an employer as the term is used under the applicable statutes referenced above.

45. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

46. The foregoing unlawful actions by Defendant was purposeful.

47. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and he was the victim of retaliation thereafter, as related in part above.

48. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

49. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

50. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

51. Plaintiff re-adopts each and every factual allegation as stated in 1 through 29 of this Complaint as if set out in full herein.

52. Defendant is an employers as that term is used under the applicable statutes referenced above.

53. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

54. Plaintiff, as a black African-American, within a protected class as envisioned by the FCRA.

55. During his employment with Defendant, Defendant through its Supervisor subjected Plaintiff to unwelcome verbal harassment.

56. Defendant is liable for this conduct, either vicariously or directly, where Plaintiff complained to management and ownership about the harassment and abuse and no remedial or disciplinary was undertaken.

57. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

58. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated ___8-14-18___

Respectfully submitted,

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

# Exhibit A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement<br>and other information before completing this form. | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| | X   FEPA (MDCCHR & FCHR)<br>X   EEOC | |

EEOC – U.S. Equal Employment Opportunity Commission,
FCHR – Florida Commission on Human Relations, and
MDCCHR – Miami-Dade County Commission on Human Rights

State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.)<br>Mr. Herman Lee Crawford | Home Phone (Incl. Area Code)<br>305-330-0150 | Date of Birth<br>04/23/1974 |
|---|---|---|
| Street Address<br>763 Pennsylvania Ave.  # 211 | City, State and ZIP Code<br>Miami Beach, FL 33130 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name<br>PARK ONE OF FLORIDA, LLC | No. Employees, Members<br>50 + | Phone No. (Include Area Code)<br>678-303-5946 |
|---|---|---|
| Street Address<br>1825 Collins Ave. | City, State and ZIP Code<br>Miami Beach, FL 33130 | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

X   RACE   __ COLOR   __ SEX __ RELIGION   __ NATIONAL ORIGIN

X   RETALIATION   ___ AGE   ___ DISABILITY __ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                   Latest
11/21/2017            12/15/2017

___ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):
I was discriminated against by my employer Park One of Florida, LLC. through its Manager (Jairo) based on the fact that I am a black African American. Jairo is white from Venezuela. Most of the companies employees are Hispanic. I have worked at this company as a ramp supervisor and I have never had any issues with my work. Throughout my employment Jairo treated me different than the non-African American employees. On or about November 24, 2017, Jairo let go of the employee that did the auditing and told me I was now in charge of doing that job as well. Then on December 12, 2017, Jairo showed up at my location of work and told me I was being demoted to a Runner which was at a lower pay rate and told me if I didn't like it I could leave. When I asked Jairo why I was being demoted since my work was exceptional, he then told me that this was being done at the Hotels request. I then spoke to the personnel at the Hotel and they told me this was untrue and they never requested for me to be replaced. My position was then given to a non-African American. On December 14, 2017, I spoke to the General Manager (Ricardo) and made a complaint against Jairo and his treatment towards me and the fact that he had demoted me. Then on or about December 15, 2017, I was on my way to work and I received a phone call from Jairo telling me that I was being let go from the company. I feel that this was discriminatory towards me because of my race. I firmly believe that I was suffering adverse employment actions on the basis of my race .Throughout my employment, my work has always been exemplary. Any reason proffered by my employer for the adverse employment actions is mere pretext for unlawful discrimination and retaliation; throughout my employment I was able to perform the essential functions of my job duties and responsibilities, and at all relevant times I did perform my job at satisfactory or above-satisfactory levels. I feel that I have been discriminated against because of my race, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act, and local laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>1-12-18  17<br>Date        X  Charging Party Signature<br>                                              Received | Arianna Font<br>Commission # GG160450<br>Expires: November 14, 2021<br>Bonded thru Aaron Notary<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>X<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

DEC 19 2017
EEOC Miami District Office

FLDX#C 616332 74 1430

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 2018-027777-CA-01

HERMAN LEE CRAWFORD,

      Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC.
a Foreign Profit Corporation,

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO: PARK ONE OF FLORIDA, LLC., through its Registered Agent:

ALEX ROSENTHAL
2115 N. COMMERCE PARKWAY
WESTON, FL 33326

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

8/17/2018

_____
CLERK                      DATE

_____
(BY) DEPUTY CLERK

Filing # 76927013 E-Filed 08/24/2018 08:56:57 AM

## RETURN OF SERVICE

| State of Florida | County of MIAMI-DADE | Circuit Court |
|---|---|---|

Case Number: 2018-27747-CA-01

Plaintiff:
**HERMAN LEE CRAWFORD**

vs.

Defendant:
**PARK ONE OF FLORIDA, LLC**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 21st day of August, 2018 at 8:29 am to be served on **PARK ONE OF FLORIDA, LLC C/O ALEX ROSENTHAL, AS REGISTERED AGENT, 2115 N. COMMERCE PKWY, WESTON, FL 33326.**

I, HERBERT SCHWARTZ, do hereby affirm that on the **22nd day of August, 2018 at 2:20 pm, I:**

**CORPORATE - REGISTERED AGENT:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **ALEX ROSENTHAL as Registered Agent At the address of: 2115 N. COMMERCE PKWY, WESTON, FL 33326 for PARK ONE OF FLORIDA, LLC C/O ALEX ROSENTHAL, AS REGISTERED AGENT,** and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**HERBERT SCHWARTZ**
SPS #278

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2018011676

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

Filing # 76543935 E-Filed 08/16/2018 12:01:43 PM



IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 2018-027747-CA-01

HERMAN LEE CRAWFORD,

    Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC.
a Foreign Profit Corporation,

    Defendant.

DATE 8/22/18    TIME 2:20PM.

ID#. 278

## SUMMONS IN A CIVIL CASE

TO: PARK ONE OF FLORIDA, LLC., through its Registered Agent:

    ALEX ROSENTHAL
    2115 N. COMMERCE PARKWAY
    WESTON, FL 33326

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

8/17/2018

CLERK                         DATE

(BY) DEPUTY CLERK

WWW.OJSERVICES.COM  OJ SERVICES, INC.  (305) 245-1556

11676

IN THE CIRCUIT COURT IN AND FOR
THE 11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.     2018-027747 CA 01

HERMAN LEE CRAWFORD,

      Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC,

      Defendant.

_____/

## NOTICE OF SERVICE OF DEFENDANT'S FIRST SET OF INTERROGATORIES

      Defendant, Park One of Florida, LLC, by and through undersigned counsel, hereby files this Notice of Service of Defendant's First Set of Interrogatories to Plaintiff, Herman Lee Crawford.

      I HEREBY CERTIFY that the foregoing was served this 11th day of September, 2018, on Jason S. Remer, Esq., at jremer@rgpattorneys.com and on Brody M. Shulman, Esq., at bshulman@rgpattorneys.com.

                      ROSENTHAL LAW GROUP
                      2115 North Commerce Parkway
                      Weston, FL 33326
                      (954) 384-9200 Telephone
                      (954) 384-0017 Facsimile

                      By: s/ Alex P. Rosenthal
                            Alex P. Rosenthal, Esq.
                            Fla. Bar No. 815160
                            alex@rosenthalcounsel.com
                            Rhiannon Sforza-Flick, Esq.
                            Fla. Bar No. 93021
                            rhiannon@rosenthalcounsel.com

IN THE CIRCUIT COURT IN AND FOR
THE 11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.    2018-027747 CA 01

HERMAN LEE CRAWFORD,

      Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC,

      Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Defendant, Park One of Florida, LLC, by and through its undersigned counsel, hereby serves, pursuant to Rules 1.280 and 1.350 of the Florida Rules of Civil Procedure, produce and make available for inspection and duplication, in response to each numbered paragraph, all documents specified herein which are in your possession, custody or control or in the possession, custody or control of your agents, accountants or attorneys.

## INSTRUCTIONS AND DEFINITIONS

A. The terms "Crawford", "you" or "Plaintiff" mean Plaintiff, Herman Lee Crawford, including any persons, any business entities in which he has an interest and any agents, attorneys, and other persons acting or purporting to act on any such party's behalf.

B. The terms "Defendant" and "Park One" mean Defendant, Park One of Florida, LLC, including any persons, any business entities in which it has an interest and any agents, attorneys, and other persons acting or purporting to act on any such party's behalf.

C. The term "person" means natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, business entity or other entity.

D. The term "document" means all materials within the full scope of Fla.R.Civ.P. 1.350 including but not limited to: any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, notes or summaries of meetings, oral communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, appraisals, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements or reports (including personal financial statements and bank, brokerage, mutual fund, and other investment account statements), deposit tickets, checks, advices, credit memoranda, debit memoranda, and checkbook stubs, schedules, affidavits, agreements, releases, contracts, canceled checks, transcripts, graphic or aural records or representations of any kind (including without limitation photographs, microfiche, microfilm,), electronic, mechanical or electric records or representations of any kind (including without limitation computer files and programs, tapes, cassettes, discs and recordings)

E. The term "all documents" means every document or group of documents as above-defined in your possession, custody or control, or are known to you or that can be located or discovered by reasonably diligent efforts, reflect information concerning, or were prepared within the five years preceding the scheduled date for response hereto.

F. The term "related to" shall mean, directly or indirectly, refer to, reflect, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually be connected with the matter discussed.

G. "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion, correspondence or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes a transfer of data from one location to another by electronic or similar means.

H. The terms "documents" and "communications" shall include any and all documents and/or communications containing "electronically stored information." The term "electronically stored information" means any information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; IM tools; or USB drives. *All electronically stored information shall be produced in its native electronic format in accordance with Fla.R.Civ.P. 1.350(b).*

I. If the attorney-client privilege or any other privilege is claimed with respect to any document request or sub-part thereof, state the privilege in accordance with Florida Rule of Civil Procedure 1.280(b)(5).

## REQUESTED DOCUMENTS

1.      All documents which contain communications between Plaintiff and Defendant (other than papers filed in this lawsuit).

2.      All documents filed and received in and as part of any and all claims for workers compensation benefits since November 21, 2017 and December 1, 2017.

3.      All documents that support Plaintiff's contention that the acts of Defendant alleged in the Complaint were done intentionally, willfully, wantonly and maliciously.

4.      All phone bills, cellular phone bills and other evidence of any phone calls between Plaintiff and anyone at Park One between November 21, 2017 and December 20, 2017.

5.      All text messages between Plaintiff and anyone at Park One between November 21, 2017 and December 20, 2017.

6.      All documents that discuss, mention, concern, refer or relate to Plaintiff's damages as a result of the conduct alleged in Plaintiff's Complaint.

7.      All documents that show you applied for employment since the date of your alleged termination by Defendant.

8.      All documents that show all jobs for which you have applied since the date of your alleged termination by Defendant.

9.      All written statements from anyone that discuss, mention, concern, refer or relate to any of the facts alleged in the Complaint.

10.     Copies of any and all medical reports, doctors' reports, or reports applicable to any and all issues in this case.

11.     For each social media networking account, profile and/or blog maintained by Plaintiff, copies and/or screenshots of all photographs associated with that account since January 1, 2015.

12.     For each social media networking account, profile and/or blog maintained by Plaintiff, copies of all videos associated with that account since January 1, 2015.

13.     For each social media networking account, profile and/or blog maintained by Plaintiff, copies of all videos associated with that account since January 1, 2015.

14.     For each social media networking account, profile and/or blog maintained by Plaintiff, copies and/or screenshots of all newsfeeds, messages sent and/or received via the profile, social media networking website and/or blog, status updates, tweets, and/or comments since January 1, 2015.

4

15.    For each social media networking account, profile and/or blog maintained by Plaintiff, all documents which identify the name, screen name, and/or username associated with the profile, social media networking account and/or blog since January 1, 2015.

16.    For each social media networking account, profile and/or blog maintained by Plaintiff, provide all documents which identify the email address associated with the profile, social media networking account and/or blog since January 1, 2015.

17.    For each social media networking account, profile and/or blog maintained by Plaintiff, all documents which identify the date on which the social media networking account, profile and/or blog was deactivated.

18.    Copies of Plaintiff's income tax returns, W2 forms and IRS 1099 forms since 2015, including any and all schedules and attachments, and any and all other evidence of earnings from any source. For the current tax year and for those years where Plaintiff has not prepared a tax return, copies of checks and paystubs.

19.    Any and all written reports and documents submitted by Plaintiff to the Florida Department of Economic Opportunity since Plaintiff's alleged termination by Park One.

20.    Any and all documents reflecting benefits received from the Florida Department of Economic Opportunity since Plaintiff's alleged termination by Park One.

21.    Any and all documents reflecting the names, business address, dates of employment and rates of pay regarding all employers, including self-employment, for whom Plaintiff has worked during Plaintiff's employment with Park One.

22.    Any and all documents reflecting the names, business address, dates of employment and rates of pay regarding all employers, including self-employment, for whom Plaintiff has worked since Plaintiff's alleged termination by Park One.

23.    All documents identified in Plaintiff's answers to Defendant's Interrogatories.

24.    All documents that support the allegations in Plaintiff's Complaint.

ROSENTHAL LAW GROUP
2115 North Commerce Parkway
Weston, Florida 33326
(954) 384-9200
(954) 384-0017 Fax

By: s/Alex P. Rosenthal
        Alex P. Rosenthal, Esq.
        Fla. Bar No. 815160
        alex@rosenthalcounsel.com
        Rhiannon Sforza-Flick
        Fla. Bar No. 93021
        rhiannonsf@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served this 11th day of September, 2018, on

Jason S. Remer, Esq., at jremer@rgpattorneys.com and on Brody M. Shulman, Esq., at

bshulman@rgpattorneys.com.

        s/Alex P. Rosenthal
        Alex P. Rosenthal

6

Filing # 77732109 E-Filed 09/11/2018 03:56:58 PM

IN THE CIRCUIT COURT IN AND FOR
THE 11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.      2018-027747 CA 01

HERMAN LEE CRAWFORD,

      Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC,

      Defendant.

_____/

## MOTION TO DISMISS THE COMPLAINT

Defendant, Park One of Florida, LLC ("Park One"), by and through its undersigned counsel, hereby files this Motion to Dismiss the Complaint, and states:

1.    Plaintiff, Howard Lee Crawford ("Plaintiff") filed a three-count Complaint against Park One. Count I alleges that Park One discriminated against Plaintiff based on Plaintiff's race in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 ("FCRA"). Count II alleges that Plaintiff was retaliated against and terminated by Park One in violation of the FCRA after Plaintiff complained about the alleged discrimination. Count III alleges that Park One created a hostile work environment based on the alleged discrimination. For the reasons stated herein the Complaint must be dismissed.

2.    The ridiculousness of this claim is demonstrated by a brief recitation of the actual facts surrounding Plaintiff's claim. Plaintiff alleges he worked for Park One for a grand total of 24 days (November 21, 2017 through December 15, 2017). The Court can take judicial notice of the fact that Park One was aware of Plaintiff's race when he was hired, yet Plaintiff contends that

immediately after he was hired he was subjected to discriminatory discharge by Park One based on his race – the same race he was when he was hired just days before.

3.      It is the most fundamental precept of Florida law that a plaintiff must allege ultimate facts, and not merely conclusions, when pleading a cause of action.   *See* Fla.R.Civ.P. 1.110(b)(must plead ultimate facts); *Maiden v. Carter*, 234 So.2d 168 (Fla. 1st DCA 1970)("It is a fundamental principle of pleading that the complaint, to be sufficient, must allege ultimate facts as distinguished from legal conclusions which, if proved, would establish a cause of action for which relief may be granted...court upheld dismissal of complaint for failure to allege ultimate facts); *Clark v. Boeing Co.*, 395 So.2d 1226 (Fla. 3d DCA 1981)("Pleadings must contain ultimate facts supporting each element of the cause of action."); *Barrett v. City of Margate* 743 So. 2d 1160 (Fla. 4th DCA 1999)(a complaint must plead a factual matter sufficient to apprise his adversary of what he is called upon to answer so that the court may, upon proper challenge, determine its legal effect).

4.      Count III of Plaintiff's Complaint fails woefully to allege any ultimate facts of a hostile work environment and fails to even allege the requisite elements of the claim.

5.      In order to establish a *prima facie* case of hostile work environment, Plaintiff **must** allege and show that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic of his; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) Park One is responsible for such environment under with a theory of vicarious or of direct liability. *See Gloetzner v. Lynch*, 225 F. Supp. 3d 1329 (N.D. Fla., 2016).   The requirement that the harassment be "severe or pervasive" contains an objective and subjective component – the behavior must result in both an

2

environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceived to be abusive. *See Miller v. Kenworth of Dothan, Inc.,* 277 F. 3d 1269 (11th Cir. 2002). To establish this, Plaintiff must allege and demonstrate that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Gloetzner,* 225 F. Supp. 3d at 1347. The very nature of hostile environment claim "involves repeated conduct…that cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *See National Railroad Passenger Corp., v. Morgan,* 536 U.S. 101 (2002). When evaluating the objective severity of the harassment, the Court should consider the frequency of the conduct, the severity of the conduct, whether the conduct is physically threatening or humiliating, or a mere offensive utterance and whether the conduct unreasonably interferes with the Plaintiff's job performance. *Miller,* 277 F.3d at 1276.

6. Here, Plaintiff provides absolutely no facts about the behavior which allegedly rose to the level of unlawful harassment nor does Plaintiff provide a single detail as to what behavior allegedly constituted the severe, pervasive and continued harassment ***during the 24 days that Plaintiff worked for Park One[1]***. Instead, Plaintiff merely alleges in a conclusory manner that "during his employment" he was subjected to "pervasive and continued negative treatment based on his race" and "unwanted verbal harassment." Plaintiff does not provide a single example or specific instance in which Plaintiff was subjected to conduct which is physically threatening, humiliating, discriminatory, offensive or intimidating – let alone a

---

[1] Does Plaintiff contend that he was subject to harassment the very first day he started work? Was it the last day?

3

plausible claim that Plaintiff's environment was permeated with discriminatory intimidation, ridicule and insult. Plaintiff doesn't even allege that the "verbal harassment" was race related. Accordingly, Plaintiff fails to allege sufficient facts to establish a valid cause of action for hostile work environment.

7.      Likewise, Plaintiff fails to state a claim for discrimination in Count I. Specifically, Plaintiff fails to allege any facts as to how Park One treated Plaintiff differently than the non-African American employees. Plaintiff claims that he was subjected to disparate treatment (Complaint, ¶ 34), however, Plaintiff does not provide a single example of the alleged disparate treatment. The entirety of Plaintiff's claim that he was discriminated against is based on his assertion that he was demoted to a Runner (Complaint, ¶18), and that his original position was given to a non-African American[2] (Complaint, ¶ 22).    While Park One appreciates that the Court cannot consider matters outside the four corners of the Complaint, when it is clear to Park One that the conclusory and unspecific allegation that Plaintiff was replaced by a non-African American worker is untrue as a matter of fact, it renders the Plaintiff's most material and crucial elemental fact alleged in a conclusory manner to be insufficient to state a cause of action. Certainly, Plaintiff can and must allege with some specificity who he contends replaced him in his original position.

8.      Lastly, Count II fails to state a cause of action for retaliation. Plaintiff's entire claim for retaliation is premised on an allegation that Plaintiff spoke with Park One's General Manager, "Ricardo," and "made a complaint against Jairo and his discriminatory treatment and unjust demotion towards him." (Complaint ¶23). This vague and conclusory allegation as to what Plaintiff actually stated to Ricardo renders the Complaint defective. *See, e.g., Sullivan v.*

---

[2] Notably, Plaintiff fails to identify who the alleged non-African American employee who was given his original position is.

*River Valley Sch. Dist.*, 197 F.3d 804 (6th Cir.2000) (rejecting as too vague a retaliation claim premised on an unspecific "complaint"); *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997 (7th Cir.2000) (rejecting retaliation claim when the plaintiff merely complained of unfair treatment).

9.      Count II is further defective because Plaintiff alleges that after this vague complaint to Ricardo, Jairo informed him he was terminated (Complaint, ¶24). Conspicuously missing from the allegations is any reference to (a) who made the decision to terminate Plaintiff or (b) if it was Jairo, that Jairo was aware that Plaintiff allegedly complained about some unspecified treatment to Ricardo the day before. Without these critical factual allegations, Park One cannot be held liable for retaliation against Plaintiff and Count II must be dismissed. *See Sardakis v. South Broward Hosp. Dist.*, 681 F. Supp.2d 1338, 1355 (S.D. Fla. 2009), *citing, Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir.2000) ("A decision maker cannot have been motivated to retaliate by something unknown to him").

WHEREFORE, Park One respectfully request that the Court enter an Order dismissing Plaintiff's Complaint for failure to state a cause of action, and for any further relief this Court deems necessary and proper.

ROSENTHAL LAW GROUP
Weston Professional Centre
2115 N Commerce Parkway
Weston, FL 33326
Telephone (954) 384-9200

By: s/Alex P. Rosenthal
        Alex P. Rosenthal, Esq.
        Fla. Bar No. 815160
        alex@rosenthalcounsel.com
        Rhiannon Sforza-Flick
        Fla. Bar No. 93021
        rhiannon@rosenthalcounsel.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was served this 11th day of September, 2018, on Jason S. Remer, Esq., at jremer@rgpattorneys.com and on Brody M. Shulman, Esq., at bshulman@rgpattorneys.com.

s/Alex P. Rosenthal
Alex P. Rosenthal

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

CASE NO: 18-027747 CA 01

HERMAN LEE CRAWFORD,

      Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC.
a Foreign Profit Corporation,

      Defendant.

_____/

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, HERMAN LEE CRAWFORD ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, PARK ONE OF FLORIDA, LLC. ("Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. This action seeks damages in excess of $15,000.00, independent of attorney's fees, costs, and interest, as a result of Defendant's race discrimination and retaliation against Plaintiff all in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes ("FCRA").

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Plaintiff was at all relevant times an employee of Defendant.

5. Defendant, PARK ONE OF FLORIDA, LLC. having its' main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

6. Defendant is accordingly an "employer" as defined by the FCRA.

7. Plaintiff alleges causes of action for race discrimination under the FCRA.

8. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and discrimination took place in Miami-Dade County.

9. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 18, 2017, claiming discrimination based on race (Attached herein as Exhibit A).

10. Plaintiff has accordingly exhausted her administrative remedies prior to initiating the instant suit.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff was employed by Defendant from approximately February 2017 until on or about June 2017 and then on or about November 21, 2017 through on or about December 15, 2017 as a Ramp Supervisor.

12. Plaintiff is a black African American male and a covered employee for purposes of the FCRA.

13. On or about the date Plaintiff was hired, Defendant also hired Camilo (white/Hispanic) and Jairo (white/Hispanic); all three individuals were hired for the same position, a supervisor.

14. On or about the last week of June 2017, Plaintiff's hourly rate was reduced for a week without his knowledge and he was demoted to a "runner."

15. Plaintiff complained to the owner, Ricardo, about the unfair treatment and his payment was adjusted; conversely, Jairo and Camilo did not suffer the same discriminatory treatment because they retained their supervisory roles.

16. Thereafter, Jairo (white/Hispanic) and Camilo (white/Hispanic) became managers; thus, Jairo had acquired a superior role to Plaintiff.

17. On or about December 12, 2017, Jairo informed Plaintiff that he was going to be demoted for a second time and his hourly rate would be reduced; additionally, Jairo stated "If you don't like it, you can leave."

18. When Plaintiff asked why he was being demoted, Jairo stated it was being done at the Hotel's request (Nautilus Hotel).

19. Plaintiff went to the Hotel's personnel to ask for himself, and was told this request was untrue and they had never requested Plaintiff to be replaced.

20. Approximately two days prior to Plaintiff's termination, Plaintiff called the owner, Ricardo, and stated "I feel that Jairo is doing this [demotion] because I'm black and singling me out."

21. On or about December 15, 2017, Plaintiff was informed via a phone call from Jairo that he was terminated.

22. Throughout Plaintiff employment with Defendant, Plaintiff was continually discriminated against on the basis of his race (black).

23. Throughout Plaintiff's employment with Defendant, Plaintiff performed his duties in an exemplary fashion. However, Plaintiff was subjected to pervasive and continued negative treatment based on his race.

24. Defendant by and through Jairo discriminated against Plaintiff by treating the Plaintiff differently than the non-African American employees.

25. Plaintiff firmly believes that he has been singled out, discriminated against and retaliated by Defendant based on his race (black).

26. Defendant did not address Plaintiff's complaints of discrimination.

27. Defendant created a hostile work environment because of Plaintiff's race, black.

28. Plaintiff was terminated, in discrimination and retaliation for his complaints of discrimination due to his race, black African-American.

29. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

**COUNT I**
***DISCRIMINATION BASED ON RACE***
***IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT***

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

31. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race.

32. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

33. The Plaintiff is a black African American male and he possessed the requisite qualifications and skills to perform his position with Defendant.

34. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated; white Hispanic employees were allowed better work opportunities.

35. The Plaintiff was terminated as a result of his race and the reasons given by Defendant, if any, for his termination are mere pretext for illegal discrimination.

36. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

37. Moreover, as a further result of the Defendant unlawful race based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

38. Plaintiff was qualified for his position with Defendant.

39. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of employment.

40. Defendant retaliated against Plaintiff after complaints of race discrimination and failed to address complaints of discrimination.

41. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race.

42. The aforementioned actions of Defendant was done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays that this Court will;

    A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

    B.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

    C.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

    D.  Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

    E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

    F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

    G.  For a money judgment representing prejudgment interest;

    H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

    I.  Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;

    J.  Grant PLAINTIFF a trial by jury;

    K.  Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT*

43. Plaintiff re-adopts each and every factual allegation as stated in 1 through 29 of this Complaint as if set out in full herein.

44. Defendant is an employer as the term is used under the applicable statutes referenced above.

45. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

46. The foregoing unlawful actions by Defendant was purposeful.

47. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and he was the victim of retaliation thereafter, as related in part above.

48. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

49. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

50. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *HOSTILE WORK ENVIRONMENT*
### *IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT*

51. Plaintiff re-adopts each and every factual allegation as stated in 1 through 29 of this Complaint as if set out in full herein.

52. Defendant is an employers as that term is used under the applicable statutes referenced above.

53. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting his under the FCRA.

54. Plaintiff, as a black African-American, within a protected class as envisioned by the FCRA.

55. Defendant is liable for this conduct, either vicariously or directly, where Plaintiff complained to management and ownership about the harassment and abuse and no remedial or disciplinary was undertaken.

56. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

57. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury; and

K.  Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date: September 24, 2018   Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Phone: (305) 416-5000
Fax: (305) 416-5005

By: /s/ **Miriam Brooks**
Jason S. Remer, Esq.
Fla. Bar No.: 0165580
Brody M. Shulman, Esq.
Fla. Bar No.: 092044
Miriam Brooks, Esq.
Fla. Bar No.: 0118144

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via electronic mail and e-filed through the Florida e-filing portal to all those on the service list on September 24, 2018.

By: /s/ Miriam Brooks
Miriam Brooks, Esquire
Florida Bar No.: 0118144
Email: mbrooks@rgpattorneys.com

**SERVICE LIST**

Alex Rosenthal, Esq.
Fla. Bar No. 815160
Alex@rosenthalcounsel.com
Rhiannon Sforza-Flick
Fla. Bar No. 93021
rhiannon@rosenthalcounsel.com

ROSENTHAL LAW GROUP
Weston Professional Centre
2115 N Commerce Parkway
Weston, FL 33326
Tel: 954-384-9200

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | X  FEPA (MDCCHR & FCHR) X  EEOC | |

EEOC – U.S. Equal Employment Opportunity Commission,
FCHR – Florida Commission on Human Relations, and
MDCCHR – Miami-Dade County Commission on Human Rights

*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Herman Lee Crawford | 305-330-0150 | 04/23/1974 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 763 Pennsylvania Ave. # 211 | Miami Beach, FL 33130 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| PARK ONE OF FLORIDA, LLC | 50 + | 678-303-5946 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 1825 Collins Ave. | Miami Beach, FL 33130 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| X  RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN <br><br> X  RETALIATION __ AGE __ DISABILITY __ OTHER | Earliest         Latest <br> 11/21/2017    12/15/2017 <br><br> ___ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I was discriminated against by my employer Park One of Florida, LLC. through its Manager (Jairo) based on the fact that I am a black African American. Jairo is white from Venezuela. Most of the companies employees are Hispanic. I have worked at this company as a ramp supervisor and I have never had any issues with my work. Throughout my employment Jairo treated me different than the non-African American employees. On or about November 24, 2017, Jairo let go of the employee that did the auditing and told me I was now in charge of doing that job as well. Then on December 12, 2017, Jairo showed up at my location of work and told me I was being demoted to a Runner which was at a lower pay rate and told me if I didn't like it I could leave. When I asked Jairo why I was being demoted since my work was exceptional, he then told me that this was being done at the Hotels request. I then spoke to the personnel at the Hotel and they told me this was untrue and they never requested for me to be replaced. My position was then given to a non-African American. On December 14, 2017, I spoke to the General Manager (Ricardo) and made a complaint against Jairo and his treatment towards me and the fact that he had demoted me. Then on or about December 15, 2017, I was on my way to work and I received a phone call from Jairo telling me that I was being let go from the company. I feel that this was discriminatory towards me because of my race; I firmly believe that I have suffered adverse employment actions on the basis of my race .Throughout my employment, my work has always been exemplary. Any reason proffered by my employer for the adverse employment actions is mere pretext for unlawful discrimination and retaliation; throughout my employment I was able to perform the essential functions of my job duties and responsibilities, and at all relevant times I did perform my job at satisfactory or above-satisfactory levels. I feel that I have been discriminated against because of my race, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act, and local laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements <br><br> Arianna Font <br> Commission # GG160450 <br> Expires: November 14, 2021 |
|---|---|
| I declare under penalty of perjury that the above is true and correct. <br><br> 1-12-18 17    X _____ <br> Date     Charging Party Signature <br> Received | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT <br><br> + _____ <br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

DEC 19 2017
EEOC Miami District Office

FLDX #C 616332 74 1430

Filing # 78760469 E-Filed 10/02/2018 04:51:57 PM

IN THE CIRCUIT COURT IN AND FOR
THE 11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.    2018-027747 CA 01

HERMAN LEE CRAWFORD,

      Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC,

      Defendant.

_____/

## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MOTION TO STRIKE PARAGRAPHS 11 AND 13-16 OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Park One of Florida, LLC ("Park One"), by and through its undersigned counsel,

hereby files this Motion to Dismiss Plaintiff's First Amended Complaint ("Amended Complaint"),

and Motion to Strike Paragraphs 11 and 13-16 of the Amended Complaint, and states:

    1.      On August 15, 2018, Plaintiff, Howard Lee Crawford ("Plaintiff") filed its initial

three-count Complaint against Park One.  Count I alleged that Park One discriminated against

Plaintiff based on Plaintiff's race in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01

("FCRA").  Count II alleged that Plaintiff was retaliated against and terminated by Park One in

violation of the FCRA after Plaintiff complained about the alleged discrimination.  Count III

alleged that Park One created a hostile work environment based on the alleged discrimination.

    2.      Following the filing of the initial Complaint, Park One filed a Motion to Dismiss

("First Motion to Dismiss").  Prior to any ruling on Park One's First Motion to Dismiss, Plaintiff

filed an Amended Complaint.  Like its initial Complaint, Plaintiff's Amended Complaint asserts

the same three claims against Park One.

3.      Plaintiff's Amended Complaint fails to remedy any of the defects contained in Park One's First Motion to Dismiss, and accordingly, for the reasons stated herein, the Amended Complaint should be dismissed against Park One because the Amended Complaint continues to fail to state any valid cause of action.

4.      To begin with, Plaintiff's Amended Complaint should be dismissed because it impermissibly raises new instances of alleged discrimination which exceed the scope of Plaintiff's Charge of Discrimination. Specifically, Plaintiff's Charge of Discrimination (attached as Exhibit A to the Amended Complaint) identifies the limited scope of the charge to alleged discrimination that the Plaintiff swore (under penalties of perjury) took place between *November 21, 2017 and December 15, 2017*. However, paragraphs 11 and 13-16 of Plaintiff's Amended Complaint refer to allege discrimination that took place during the last week of *June 2017* during a prior employment period with Park One that ended before Plaintiff was re-hired by Park One. *See Gregory v. Georgia Dep't of Human Resources*, 355 F. 3d 1277 (11th Cir. 2004)("a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination"); *City of Hialeah v. Rojas*, 311 F. 3d 1096 (11th Cir. 2002)("if the victim of an employer's unlawful employment practice does not file a timely complaint, the unlawful practice ceases to have legal significance, and the employer is entitled to treat the unlawful practice as if it were lawful"). Accordingly, Plaintiff's Amended Complaint should be dismissed.

5.      Alternatively, the Court should strike paragraphs 11 and 13-16 of the Amended Complaint because they are outside the scope of the Charge of Discrimination and accordingly, are immaterial, impertinent and scandalous. *See* Fla. R. Civ. P. 1.140(f)(stating that a party may

2

"move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time").

6.     Putting aside the erroneous attempt to include acts allegedly occurring during a prior period of employment not discussed in the Charge of Discrimination. The ridiculousness of Plaintiff's claims during the period of time actually mentioned in the Charge of Discrimination continues to be demonstrated by the brief recitation of the actual facts surrounding Plaintiff's claims. Plaintiff alleges that he worked for Park One for a grand total of 24 days (November 21, 2017 through December 15, 2017). The Court can take judicial notice of the fact that Park One was aware of Plaintiff's race (he alleges he is African American) when he was hired, yet Plaintiff contends that immediately after he was hired he was subjected to discriminatory discharge by Park One based on his race – the same race Plaintiff was when he was hired just days before.

7.     That being said, there are scant if any actual facts (as opposed to conclusory statements) that support any of the claims in the Amended Complaint. It is the most fundamental principle of Florida law that a plaintiff must allege ultimate facts, and not merely conclusions, when pleading a cause of action. *See* Fla.R.Civ.P. 1.110(b)(must plead ultimate facts); *Maiden v. Carter*, 234 So.2d 168 (Fla. 1st DCA 1970)("It is a fundamental principle of pleading that the complaint, to be sufficient, must allege ultimate facts as distinguished from legal conclusions which, if proved, would establish a cause of action for which relief may be granted...court upheld dismissal of complaint for failure to allege ultimate facts); *Clark v. Boeing Co.*, 395 So.2d 1226 (Fla. 3d DCA 1981)("Pleadings must contain ultimate facts supporting each element of the cause of action."); *Barrett v. City of Margate* 743 So. 2d 1160 (Fla. 4th DCA 1999)(a complaint must plead a factual matter sufficient to apprise his adversary of what he is called upon to answer so that the court may, upon proper challenge, determine its legal effect).

8.     Count III of Plaintiff's Amended Complaint fails woefully to allege any ultimate facts of a hostile work environment and fails to even allege the requisite elements of the claim.

9.     In order to establish a *prima facie* case of hostile work environment, Plaintiff **must** allege and show that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic of his; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) Park One is responsible for such environment under with a theory of vicarious or of direct liability. *See Gloetzner v. Lynch,* 225 F. Supp. 3d 1329 (N.D. Fla., 2016). The requirement that the harassment be "severe or pervasive" contains an objective and subjective component – the behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceived to be abusive. *See Miller v. Kenworth of Dothan, Inc., 277* F. 3d 1269 (11th Cir. 2002). To establish this, Plaintiff must allege and demonstrate that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Gloetzner,* 225 F. Supp. 3d at 1347. The very nature of hostile environment claim "involves repeated conduct...that cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *See National Railroad Passenger Corp., v. Morgan,* 536 U.S. 101 (2002). When evaluating the objective severity of the harassment, the Court should consider the frequency of the conduct, the severity of the conduct, whether the conduct is physically threatening or humiliating, or a mere offensive utterance and

whether the conduct unreasonably interferes with the Plaintiff's job performance. *See Miller*, 277 F.3d at 1276.

10.      Plaintiff's Amended Complaint provides absolutely *no facts* about the behavior which allegedly rose to the level of unlawful harassment nor does Plaintiff provide a single detail as to what behavior allegedly constituted the severe, pervasive and continued harassment *during the 24 days that Plaintiff worked for Park One*[1].    Instead, Plaintiff merely alleges in a conclusory manner that "throughout his employment" he was "continually discriminated against on the basis of his race (black)" and subjected to "pervasive and continued negative treatment based on his race." Plaintiff does not provide a single example or specific instance in which Plaintiff was subjected to conduct which is physically threatening, humiliating, discriminatory, offensive or intimidating – let alone a plausible claim that Plaintiff's environment was permeated with discriminatory intimidation, ridicule and insult.   The allegations are insufficient to state a cause of action. *See Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So.2d 490 (Fla. 3d DCA 1994)("a party does not properly allege a cause of action by alleging in conclusive form, which tracks the language of the statute, acts which lack factual allegations and merely state bare legal conclusions"). Accordingly, Plaintiff fails to allege sufficient facts to establish a valid cause of action for hostile work environment.

11.      Likewise, Plaintiff fails to state a claim for discrimination in Count I of the Amended Complaint. Specifically, Plaintiff fails to allege any facts as to how Park One treated Plaintiff differently than the non-African American employees.  Plaintiff claims that he was subjected to disparate treatment (Amended Complaint, ¶ 24 and 34), however, Plaintiff does not provide a single example of the alleged disparate treatment. The entirety of Plaintiff's claim that

---

[1] Does Plaintiff contend that he was subject to harassment the very first day he started work? Was it the last day?

he was discriminated against is based on his assertion that he was demoted. (Amended Complaint, ¶ 17).

12.      Lastly, Count II of Plaintiff's Amended Complaint is defective because Plaintiff fails to allege (a) who made the decision to terminate Plaintiff or (b) if it was Jairo, that Jairo was aware that Plaintiff allegedly complained to Ricardo two days before. Without these critical factual allegations, Park One cannot be held liable for retaliation against Plaintiff and Count II of the Amended Complaint must be dismissed. *See Sardakis v. South Broward Hosp. Dist.*, 681 F. Supp.2d 1338, 1355 (S.D. Fla. 2009), *citing, Brungart v. BellSouth Telecomms., Inc.,* 231 F.3d 791, 799 (11th Cir.2000) ("A decision maker cannot have been motivated to retaliate by something unknown to him").

WHEREFORE, Park One respectfully request that the Court enter an Order dismissing Plaintiff's First Amended Complaint for failure to state a cause of action, striking paragraphs 11 and 13-16 of Plaintiff's First Amended Complaint and for any further relief this Court deems necessary and proper.

ROSENTHAL LAW GROUP
Weston Professional Centre
2115 N Commerce Parkway
Weston, FL 33326
Telephone (954) 384-9200

By: s/Alex P. Rosenthal
        Alex P. Rosenthal, Esq.
        Fla. Bar No. 815160
        alex@rosenthalcounsel.com
        Rhiannon Sforza-Flick
        Fla. Bar No. 93021
        rhiannon@rosenthalcounsel.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was served this 2nd day of October, 2018, on

Jason S. Remer, Esq., at jremer@rgpattorneys.com and on Brody M. Shulman, Esq., at

bshulman@rgpattorneys.com.

s/Alex P. Rosenthal
Alex P. Rosenthal

IN THE CIRCUIT COURT IN AND FOR
THE 11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.     2018-027747 CA 01

HERMAN LEE CRAWFORD,

     Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC,

     Defendant.

_____/

## MOTION TO COMPEL

Defendant, Park One of Florida, LLC ("Defendant"), by and through its undersigned counsel, hereby files this Motion to Compel Plaintiff, Herman Lee Crawford ("Plaintiff"), to respond to Defendant's First Set of Interrogatories and First Request for Production, and states:

1.     On September 11, 2018, Defendant served its First Set of Interrogatories and First Request for Production on Plaintiff ("Discovery Requests"). A true and correct copy of the Discovery Requests is attached hereto as Exhibit A.

2.     Plaintiff's deadline to respond to the Discovery Requests was October 16, 2018.

3.     Thereafter, on October 17, 2018, after Plaintiff failed to respond or object to the Discovery Requests, Defendant's counsel contacted Plaintiff's counsel to inquire as to whether Plaintiff's responses to the Discovery Requests were forthcoming, however, to date, Plaintiff's counsel has not responded to Defendant's counsel's inquiry.

4.     Defendant has attempted to confer with Plaintiff's counsel in an effort to secure information or material without court action.

WHEREFORE, Defendant, Park One of Florida, LLC, requests that the Court enter an order compelling Plaintiff, Herman Lee Crawford, to respond to Defendant's First Request for Production and First Set of Interrogatories within five (5) days of the entry of the Court's Order and for any further relief this Court deems necessary and proper.

ROSENTHAL LAW GROUP
Weston Professional Centre
2115 N. Commerce Parkway
Weston, FL  33326
954.384.9200
954.384.0017 Fax

By: /s Alex P.  Rosenthal
        Alex P. Rosenthal
        Fla. Bar No. 815160
        alex@rosenthalcounsel.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served this 18th day of October, 2018, on Jason S. Remer, Esq., at jremer@rgpattorneys.com and on Brody M. Shulman, Esq., at bshulman@rgpattorneys.com.

s/Alex P. Rosenthal
Alex P. Rosenthal

2

IN THE CIRCUIT COURT IN AND FOR
THE 11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.    2018-027747 CA 01

HERMAN LEE CRAWFORD,

     Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC,

     Defendant.

_____/

## NOTICE OF SERVICE OF DEFENDANT'S FIRST SET OF INTERROGATORIES

Defendant, Park One of Florida, LLC, by and through undersigned counsel, hereby files this Notice of Service of Defendant's First Set of Interrogatories to Plaintiff, Herman Lee Crawford.

I HEREBY CERTIFY that the foregoing was served this 11th day of September, 2018, on Jason S. Remer, Esq., at jremer@rgpattorneys.com and on Brody M. Shulman, Esq., at bshulman@rgpattorneys.com.

     ROSENTHAL LAW GROUP
     2115 North Commerce Parkway
     Weston, FL 33326
     (954) 384-9200 Telephone
     (954) 384-0017 Facsimile

     By: s/ Alex P. Rosenthal
          Alex P. Rosenthal, Esq.
          Fla. Bar No. 815160
          alex@rosenthalcounsel.com
          Rhiannon Sforza-Flick, Esq.
          Fla. Bar No. 93021
          rhiannon@rosenthalcounsel.com

EXHIBIT 

IN THE CIRCUIT COURT IN AND FOR
THE 11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.     2018-027747 CA 01

HERMAN LEE CRAWFORD,

     Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC,

     Defendant.

_____/

## DEFENDANT'S FIRST SET OF INTERROGATORIES

Defendant, Park One of Florida, LLC, requests that Plaintiff, Herman Lee Crawford, answer each of the following interrogatories separately and fully in writing, under oath, in accordance with Rules 1.280 and 1.340 of the Florida Rules of Civil Procedure.

ROSENTHAL LAW GROUP
2115 North Commerce Parkway
Weston, FL 33326
(954) 384-9200 Telephone
(954) 384-0017 Facsimile

By: s/ Alex P. Rosenthal
        Alex P. Rosenthal, Esq.
        Fla. Bar No. 815160
        alex@rosenthalcounsel.com
        Rhiannon Sforza-Flick, Esq.
        Fla. Bar No. 93021
        rhiannon@rosenthalcounsel.com

## INSTRUCTIONS AND DEFINITIONS

A.     The terms "Crawford", "you" or "Plaintiff" mean Plaintiff, Herman Lee Crawford, including any persons, any business entities in which he has an interest and any agents, attorneys, and other persons acting or purporting to act on any such party's behalf.

B.     The terms "Defendant" and "Park One" mean Defendant, Park One of Florida, LLC, including any persons, any business entities in which it has an interest and any agents, attorneys, and other persons acting or purporting to act on any such party's behalf.

C.     The term "person" means natural person, individual proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, business entity or other entity.

D.     The terms "pertain to" or "pertaining to" mean refers to, discusses, refers, contains, describes, embodies, mentions, constitutes, or constituting.

E.     "Related to" shall mean, directly or indirectly, refer to, reflect, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually be connected with the matter discussed.

F.     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action

G.     The term "document" means all materials within the full scope of Fla.R.Civ.P. 1.350 including but not limited to: any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, notes or summaries of meetings, oral communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, appraisals, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements or reports (including personal financial statements and bank, brokerage, mutual fund, and other investment account statements), deposit tickets, checks, advices, credit memoranda, debit memoranda, and checkbook stubs, schedules, affidavits, agreements, releases, contracts, canceled checks, transcripts, graphic or aural records or representations of any kind (including without limitation photographs, microfiche, microfilm,), electronic, mechanical or electric records or representations of any kind (including without limitation computer files and programs, tapes, cassettes, discs and recordings).

H.     The term "all documents" means every document or group of documents as above-defined in your possession, custody or control, or are known to you or that can be located or discovered by reasonably diligent efforts.

I.     "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion, correspondence or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes a transfer of data from one location to another by electronic or similar means.

J.      The terms "documents" and "communications" shall include any and all documents and/or communications containing "electronically stored information." The term "electronically stored information" means any information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; IM tools; or USB drives.

K.      "Identify" or a request to state the "identify of":

     a.   When used with reference to a natural person, means:
         i.   to state his or her full name;
         ii.   to state his or her present address or if that is not known, last known address;

     b.   to state for all times referred to by the Interrogatories:
         i.   the title and date of his or her past and present positions if an employee of Defendants; or
         ii.   if not an employee, to state the occupation or business, employer, and position of such person.

     c.   When used with reference to a corporation, partnership, association, joint venture, firm or other business enterprise or legal entity, means:
         i.   to state its full name and address, its state or country of incorporation or the filing of its organizational certificate, and its principal place of business;
         ii.   to describe the primary business in which such entity is engaged.

     d.   When used with reference to a file or document means:
         i.   to state the date, type or file or document (e.g. letter, memorandum) author, address, and recipients, title and file or identifying markings; and
         ii.   to state the substance thereof or alternatively to annex to incorporate by reference in answers to these Interrogatories a true and correct copy thereof. If any such file or document is not under your control, identify the person who has control over it and, if that is not known, state what disposition was last made of it, by whom and the date thereof.

     e.   When used with reference to a communication, means:
         i.   to state the substance of the communications;
         ii.   to state the identity of each person between or among whom the communication was made;
         iii.   to state the identity of each person present when the communication took place;
         iv.   to state the date and time when the communication was made and the manner in which it occurred (e.g., meetings, telephone conversation); and
         v.   to state the identity of each document in which such communication was recorded or described in whole or in part.

     f.   When you are asked to "identify" an event or occurrence, including an oral communication, then state its type (e.g. telephone call, face-to-face meeting), its date, place and length; identity of each person present; identify each document with records, describes, or refers to the event or occurrence; and state its substance.

L.      If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion

M.      You may, in lieu of identifying any document, attach a true copy of such document or communication as an exhibit to your answers to these interrogatories, along with an explicit reference to the interrogatory to which each such attached document relates. *All electronically stored information shall be produced in its native electronic format in accordance with Fla.R.Civ.P. 1.350(b).*

## INTERROGATORIES

1.     Identify whether you have been formerly known by any other names.  If your answer to this interrogatory is yes, state all former names you have been known by and when you were known by such names.  Identify all persons who have knowledge of these facts; provide a detailed summary of the substance of each listed person's knowledge of these facts; and identify all documents that support this response.

2.     Have you ever been convicted of crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one (1) year, or that involved dishonesty or a false statement, regardless of the punishment?  If so, provide the specific crime, date and location of each conviction.

3.      Provide all addresses where you have lived for the past five (5) years, including your current address, the dates you lived at each address and who resided with you and for what duration during this time period.   Identify all persons who have knowledge of these facts; provide a detailed summary of the substance of each listed person's knowledge of these facts; and identify all documents that support this response.

4.      State your social security number and your date of birth.

5.     List the names, addresses and telephone numbers of all persons who are believed or known by you, your agents or your attorneys to have any knowledge concerning any of the issues in this lawsuit.   Your answer to this interrogatory should (i) specify the subject matter about which the listed individual has knowledge; (ii) provide a detailed summary of the facts each listed individual has that relates to the subject matter(s) about which he/she has knowledge; (iii) explain how each listed individual came to have knowledge of such facts; and (iv) explain whether you intend to call each listed individual as a witness in the trial of this matter.

6.     Identify all verbal and written communications between you and Defendant (other than any papers filed in this lawsuit) relating to the subject matter of this lawsuit.

7.      Describe and state each item of damage that you claim, and include in your answer: the count to which the item of damages relates; the category unto which each item of damage falls (i.e. general damages, back pay, special damages, compensatory damages, consequential damages, liquidated damages, punitive damages, interest, and any other relevant categories); the factual basis for entitlement for each item of damages; the amount of the damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

8.      Identify all of the employees of Defendant who you contend exhibited discriminatory conduct towards Plaintiff and all facts which show that these individuals were in a position of authority to affect the terms, conditions and privileges of Plaintiff's employment.

9.      Identify all facts that support your allegation that the acts of Defendant alleged in the Complaint were done intentionally, willfully, wantonly and maliciously.

10.     Identify each and every date(s) and/or instance(s) in which Plaintiff contends non-African American employees were treated better and/or differently than Plaintiff as alleged in the Complaint.  For each and every date(s) and/or instance(s) identified, specifically describe the disparate treatment and identify (a) each employee of Defendant that permitted and/or participated in the better and/or different treatment, (b) all persons who were present and/or witnessed the alleged actions described in the Complaint and (c) all persons who have knowledge the alleged actions described in the Complaint and identify the substance of their knowledge.

11.     Identify each and every date(s) and/or instance(s) in which Plaintiff contends non-African American employees were given better work opportunities than Plaintiff as alleged in the Complaint. For each and every date(s) and/or instance(s) identified, specifically describe the better work opportunity and identify (a) each employee of Defendant that received the better work opportunity, (b) all persons who were present and/or witnessed the alleged actions described in the Complaint and (c) all persons who have knowledge the alleged actions described in the Complaint and identify the substance of their knowledge.

12.     Identify each and every date(s) and/or instance(s) in which Plaintiff was subjected to unwelcome verbal harassment or abuse as alleged in the Complaint. For each and every date(s) and/or instance(s) identified, specifically describe the verbal harassment or abuse Plaintiff was allegedly subjected to and identify (a) each employee of Defendant responsible for the alleged verbal harassment or abuse, (b) all persons who were present and/or witnessed the alleged actions described in the Complaint and (c) all persons who have knowledge the alleged actions described in the Complaint and identify the substance of their knowledge.

13.   Identify all employment for which you have applied since your alleged termination. State specifically the name of the prospective employer, the position applied for, the type of application submitted, and the date such application was submitted.

14.   Since December 1, 2017, have you applied for benefits from the Florida Department of Economic Opportunity? If so, identify the date(s) you applied and describe and any and all benefits received.

15.     List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked since your alleged termination and state the title of the position you held.

16.     List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked during your employment with Park One and state the title of the position you held.

17.    If you were not employed during any time since your alleged termination, state the dates during which you were not employed and the reason(s) why you were not employed.

18.    Identify all social media networking websites, profiles and/or blogs (including but not limited to, Facebook, Instagram, Wayn, Twitter, LinkedIn, SnapChat, and/or YouTube) in which Plaintiff has controlled, operated, and/or used an account at any time from January 1, 2015 to the present.

19.    For each social media networking website, profile and/or blog identified in Interrogatory No. 18, identify the following:

    a.  The name, screen name and/or username associated with the profile, social media networking account and/or blog;

    b.  The type of profile, social media networking account and/or blog (i.e., Facebook, Twitter, Wayn, Instagram, etc.);

    c.  The email address associated with the profile, social media networking account and/or blog;

    d.  The dates you maintained the profile, social media networking account and/or blog;

    e.  Whether the profile, social media networking account, and/or blog is still active. If the profile, social media networking account and/or blog is no longer active, identify the date when the profile, social media networking account and/or blog was deactivated;

    f.  Whether you have deleted and/or modified any content for the profile, social media networking account and/or blog and, if so, the date(s) on which you deleted and/or modified same; and

    g.  If you deleted and/or modified the content for the profile, social media networking account and/or blog did you maintain copies of the content that was deleted and/or modified? If so, identify the deleted and/or modified content.

_____
**Herman Lee Crawford**

STATE OF _____          )
                             )SS:
COUNTY OF _____         )

    BEFORE    ME,    the    undersigned    authority,    personally    appeared
_____, who being duly sworn, who is personally known to me or has
produced _____ as identification, acknowledges that he/she signed the foregoing
Answers to Interrogatories under oath, and that said answers are true to the best of his/her
knowledge and belief.

    WITNESS my hand and official seal of the aforesaid State and County, this _____ day of
_____, 2018.

                            _____
                            Notary Public, State of _____
                            My Commission Expires:

Filing # 77732413 E-Filed 09/11/2018 03:58:53 PM

IN THE CIRCUIT COURT IN AND FOR
THE 11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.     2018-027747 CA 01

HERMAN LEE CRAWFORD,

      Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC,

      Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION

    Defendant, Park One of Florida, LLC, by and through its undersigned counsel, hereby

serves, pursuant to Rules 1.280 and 1.350 of the Florida Rules of Civil Procedure, produce and

make available for inspection and duplication, in response to each numbered paragraph, all

documents specified herein which are in your possession, custody or control or in the possession,

custody or control of your agents, accountants or attorneys.

## INSTRUCTIONS AND DEFINITIONS

A. The terms "Crawford", "you" or "Plaintiff" mean Plaintiff, Herman Lee Crawford, including any persons, any business entities in which he has an interest and any agents, attorneys, and other persons acting or purporting to act on any such party's behalf.

B. The terms "Defendant" and "Park One" mean Defendant, Park One of Florida, LLC, including any persons, any business entities in which it has an interest and any agents, attorneys, and other persons acting or purporting to act on any such party's behalf.

C. The term "person" means natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, business entity or other entity.

D. The term "document" means all materials within the full scope of Fla.R.Civ.P. 1.350 including but not limited to: any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, notes or summaries of meetings, oral communications, interoffice and intraoffice telephone calls, diaries, chronological data, minutes, books, reports, studies, appraisals, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements or reports (including personal financial statements and bank, brokerage, mutual fund, and other investment account statements), deposit tickets, checks, advices, credit memoranda, debit memoranda, and checkbook stubs, schedules, affidavits, agreements, releases, contracts, canceled checks, transcripts, graphic or aural records or representations of any kind (including without limitation photographs, microfiche, microfilm,), electronic, mechanical or electric records or representations of any kind (including without limitation computer files and programs, tapes, cassettes, discs and recordings)

E. The term "all documents" means every document or group of documents as above-defined in your possession, custody or control, or are known to you or that can be located or discovered by reasonably diligent efforts, reflect information concerning, or were prepared within the five years preceding the scheduled date for response hereto.

F. The term "related to" shall mean, directly or indirectly, refer to, reflect, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually be connected with the matter discussed.

G. "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion, correspondence or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes a transfer of data from one location to another by electronic or similar means.

H. The terms "documents" and "communications" shall include any and all documents and/or communications containing "electronically stored information." The term "electronically stored information" means any information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; IM tools; or USB drives. *All electronically stored information shall be produced in its native electronic format in accordance with Fla.R.Civ.P. 1.350(b).*

I. If the attorney-client privilege or any other privilege is claimed with respect to any document request or sub-part thereof, state the privilege in accordance with Florida Rule of Civil Procedure 1.280(b)(5).

## REQUESTED DOCUMENTS

1.      All documents which contain communications between Plaintiff and Defendant (other than papers filed in this lawsuit).

2.      All documents filed and received in and as part of any and all claims for workers compensation benefits since November 21, 2017 and December 1, 2017.

3.      All documents that support Plaintiff's contention that the acts of Defendant alleged in the Complaint were done intentionally, willfully, wantonly and maliciously.

4.      All phone bills, cellular phone bills and other evidence of any phone calls between Plaintiff and anyone at Park One between November 21, 2017 and December 20, 2017.

5.      All text messages between Plaintiff and anyone at Park One between November 21, 2017 and December 20, 2017.

6.      All documents that discuss, mention, concern, refer or relate to Plaintiff's damages as a result of the conduct alleged in Plaintiff's Complaint.

7.      All documents that show you applied for employment since the date of your alleged termination by Defendant.

8.      All documents that show all jobs for which you have applied since the date of your alleged termination by Defendant.

9.      All written statements from anyone that discuss, mention, concern, refer or relate to any of the facts alleged in the Complaint.

10.     Copies of any and all medical reports, doctors' reports, or reports applicable to any and all issues in this case.

11.     For each social media networking account, profile and/or blog maintained by Plaintiff, copies and/or screenshots of all photographs associated with that account since January 1, 2015.

12.     For each social media networking account, profile and/or blog maintained by Plaintiff, copies of all videos associated with that account since January 1, 2015.

13.     For each social media networking account, profile and/or blog maintained by Plaintiff, copies of all videos associated with that account since January 1, 2015.

14.     For each social media networking account, profile and/or blog maintained by Plaintiff, copies and/or screenshots of all newsfeeds, messages sent and/or received via the profile, social media networking website and/or blog, status updates, tweets, and/or comments since January 1, 2015.

15.     For each social media networking account, profile and/or blog maintained by Plaintiff, all documents which identify the name, screen name, and/or username associated with the profile, social media networking account and/or blog since January 1, 2015.

16.     For each social media networking account, profile and/or blog maintained by Plaintiff, provide all documents which identify the email address associated with the profile, social media networking account and/or blog since January 1, 2015.

17.     For each social media networking account, profile and/or blog maintained by Plaintiff, all documents which identify the date on which the social media networking account, profile and/or blog was deactivated.

18.     Copies of Plaintiff's income tax returns, W2 forms and IRS 1099 forms since 2015, including any and all schedules and attachments, and any and all other evidence of earnings from any source. For the current tax year and for those years where Plaintiff has not prepared a tax return, copies of checks and paystubs.

19.     Any and all written reports and documents submitted by Plaintiff to the Florida Department of Economic Opportunity since Plaintiff's alleged termination by Park One.

20.     Any and all documents reflecting benefits received from the Florida Department of Economic Opportunity since Plaintiff's alleged termination by Park One.

21.     Any and all documents reflecting the names, business address, dates of employment and rates of pay regarding all employers, including self-employment, for whom Plaintiff has worked during Plaintiff's employment with Park One.

22.     Any and all documents reflecting the names, business address, dates of employment and rates of pay regarding all employers, including self-employment, for whom Plaintiff has worked since Plaintiff's alleged termination by Park One.

23.     All documents identified in Plaintiff's answers to Defendant's Interrogatories.

24.     All documents that support the allegations in Plaintiff's Complaint.

ROSENTHAL LAW GROUP
2115 North Commerce Parkway
Weston, Florida 33326
(954) 384-9200
(954) 384-0017 Fax


By: s/Alex P. Rosenthal
        Alex P. Rosenthal, Esq.
        Fla. Bar No. 815160
        alex@rosenthalcounsel.com
        Rhiannon Sforza-Flick
        Fla. Bar No. 93021
        rhiannonsf@gmail.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served this 11th day of September, 2018, on

Jason S. Remer, Esq., at jremer@rgpattorneys.com and on Brody M. Shulman, Esq., at

bshulman@rgpattorneys.com.

        s/Alex P. Rosenthal
        Alex P. Rosenthal

6

IN THE CIRCUIT COURT IN AND FOR
THE 11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.    2018-027747 CA 01

HERMAN LEE CRAWFORD,

     Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC,

     Defendant.

_____/

## AGREED ORDER

THIS CAUSE having come before the Court on Defendant, Park One of Florida, LLC's

Motion to Compel Plaintiff, Herman Lee Crawford, to respond to Defendant's First Set of

Interrogatories and First Request for Production ("Motion").  The Court has been advised that

the parties have agreed to the entry of this Order and is otherwise fully advised in the Premises.

It is hereupon ORDERED and ADJUDGED as follows:

     Plaintiff, Herman Lee Crawford, shall have until November 7, 2018 to serve complete

responses to Defendant, Park One of Florida, LLC's First Set of Interrogatories and First Request

for Production.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 10/23/18.

PETER R. LOPEZ
CIRCUIT COURT JUDGE

No Further Judicial Action Required on **THIS
MOTION**
CLERK TO **RECLOSE** CASE **IF** POST

## JUDGMENT

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

copies:
Alex P. Rosenthal, Esq., alex@rosenthalcounsel.com
Brody M. Shulman, Esq., bshulman@rgpattorneys.com

Filing # 79832098 E-Filed 10/24/2018 05:34:40 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CASE NO: 18-027747 CA 01

HERMAN LEE CRAWFORD,

      Plaintiff,

vs.

PARK ONE OF FLORIDA, LLC.
a Foreign Profit Corporation,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND
## REMER & GEORGES-PIERRE, PLLC'S DESIGNATION OF E-MAIL ADDRESSES
## PURUSANT TO RULE 2.516 OF FLORIDA RULES OF JUDICIAL ADMINISTRATION

PLEASE TAKE NOTICE that the undersigned, **BRODY M. SHULMAN,** hereby

appears as Attorney of Record on behalf of the Plaintiff in the above-styled cause.  The

undersigned requests that copies of all pleadings, notices, correspondence, and communications

of any type, be furnished to him in accordance therewith. Further, Remer & Georges-Pierre,

PLLC, as counsel for Plaintiff hereby designates the following primary email addresses to be

used for mandatory electronic service pursuant to Rule 2.516 of the Florida Rules of Judicial

Administration:

## PRIMARY E-MAIL ADDRESSES

| Jason S. Remer, Esq. | jremer@rgpattorneys.com<br>ng@rgpattorneys.com |
|---|---|
| Brody M. Shulman, Esq. | bshulman@rgpattorneys.com |
| Miriam Brooks, Esq. | mcolmenarez@rgpattorneys.com |

Date: 10/24/18

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

By: _/s/ **Brody M. Shulman**_
     Jason S. Remer, Esq.
     Fla. Bar No.: 0165580
     Brody M. Shulman, Esq.
     Fla. Bar No.: 092044
     Miriam Brooks, Esq.
     Fla. Bar No.: 0118144

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-Mail

on 10/24/18 to:


**SERVICE LIST**
Alex Rosenthal, Esq.
Fla. Bar No. 815160
Alex@rosenthalcounsel.com
Rhiannon Sforza-Flick
Fla. Bar No. 93021
rhiannon@rosenthalcounsel.com

ROSENTHAL LAW GROUP
Weston Professional Centre
2115 N Commerce Parkway
Weston, FL 33326
Tel: 954-384-9200

Filing # 80098767 E-Filed 10/30/2018 05:37:17 PM

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

### CASE NO: 18-027747 CA 01

**HERMAN LEE CRAWFORD,**

      **Plaintiff,**

vs.

**PARK ONE OF FLORIDA, LLC.**
**a Foreign Profit Corporation,**

      **Defendant.**

_____/

### SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff, HERMAN LEE CRAWFORD ("Plaintiff"), by and through undersigned counsel, files this Second Amended Complaint against Defendant, PARK ONE OF FLORIDA, LLC. ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. This action seeks damages in excess of $15,000.00, independent of attorney's fees, costs, and interest, as a result of Defendant's race discrimination and retaliation against Plaintiff all in violation the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"),

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff was at all relevant times an employee of Defendant.

4. Defendant, PARK ONE OF FLORIDA, LLC, having its' main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and discrimination took place in Miami-Dade County.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff was employed by Defendant from approximately February 2017 until on or about June 2017 and then on or about November 21, 2017 through on or about December 15, 2017 as a Ramp Supervisor.

7. Plaintiff is a Black, African American male and a covered employee for purposes 1981.

8. On or about the date Plaintiff was hired (February 2017), Defendant also hired "Camilo" (White/Hispanic) and "Jairo" (white/Hispanic); all three individuals were hired for the same position, Ramp Supervisor.

9. During the first employment period with Defendant, Plaintiff received a call from "Ricardo", his General Manager.  "Ricardo" informed Plaintiff that his pay rate would be reduced to $6.00 per hour and demoted to the position of "runner".  Plaintiff did not agree with the demotion where he did not commit any behavior to necessitate a demotion. Indeed, Plaintiff's purported demotion was predicated on his race where Defendant only employs Black individuals as runners. Due to this, Plaintiff resigned.

10. On or about November 21, 2017, Defendant rehired Plaintiff as a Ramp Supervisor for Defendant by a female individual (name unknown) at Defendant's corporate office.

11. After Plaintiff's rehire, "Jairo" was Plaintiff's manager.  During this second time period with Defendant, "Jairo" purposefully made Plaintiff's employment difficult by preferring non-Black employees in terms of duties and responsibilities and holding Spanish-only

meetings. Further, Plaintiff was subjected to comments likening himself, and other Black individuals, to slaves.

12. On or about December 12, 2017, "Jairo" informed Plaintiff that he was going to be demoted for a second time and his hourly rate would be reduced; additionally, "Jairo" stated "If you don't like it, you can leave." When Plaintiff questioned the demotion, "Jairo" falsely stated it was being done at the hotel's request (Nautilus Hotel). Plaintiff went to hotel management to determine if this was true; the hotel's night manager informed Plaintiff that this request was untrue and there was never a request for Plaintiff to be replaced or demoted.

13. Approximately two days prior to Plaintiff's termination, and after investigating "Jairo's" lie, Plaintiff called "Ricardo", and stated, "I feel that Jairo is doing this [demotion] because I'm Black and singling me out." "Ricardo" started he would speak with "Jairo" about this situation.

14. On or about December 15, 2017, Plaintiff was informed via a phone call from "Jairo" that he was terminated.

15. Throughout Plaintiff's employment with Defendant, Plaintiff performed his duties in an exemplary fashion. However, Plaintiff was subjected to pervasive and continued negative treatment based on his race.

16. Defendant by and through "Jairo" discriminated against Plaintiff by treating the Plaintiff differently than the non-Black, African American employees.

17. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

<u>COUNT I</u>
*Race Discrimination in Violation of 42 U.S.C. § 1981*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 of this Second Amended Complaint as if set out in full herein.

19. Plaintiff is a member of a protected class under § 1981.

20. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

21. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

22. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

23. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

24. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

25. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

26. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights

under federal law.

27. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

28. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

29. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiff the costs of this action, together with a reasonable attorney fees;

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G.   Grant Plaintiff a trial by jury.

## COUNT II
### *Retaliation in Violation of 42 U.S.C. § 1981*

30.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 of this Second Amended Complaint as if set out in full herein.

31.  Plaintiff is a member of a protected class under § 1981 through his race and complaints of discrimination in the workplace.

32.  Plaintiff was subject to an adverse employment action when he was terminated.

33.  By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1981 and a causal connection exists between the events.

34.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

35.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36.  The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

37.  The actions of the Defendant and/or its agents were willful, wanton, and intentional, and

with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

39. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances; and

G. Grant Plaintiff a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date: 10/30/18

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

By: */s/ Brody M. Shulman*
     Jason S. Remer, Esq.
     Fla. Bar No.: 0165580
     Brody M. Shulman, Esq.
     Fla. Bar No.: 092044
     Miriam Brooks, Esq.
     Fla. Bar No.: 0118144

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-Mail

on 10/30/18 to:

**SERVICE LIST**
Alex Rosenthal, Esq.
Fla. Bar No. 815160
Alex@rosenthalcounsel.com
Rhiannon Sforza-Flick
Fla. Bar No. 93021
rhiannon@rosenthalcounsel.com

ROSENTHAL LAW GROUP
Weston Professional Centre
2115 N Commerce Parkway
Weston, FL 33326
Tel: 954-384-9200

Filing # 80098767 E-Filed 10/30/2018 05:37:17 PM

### IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

#### CASE NO: 18-027747 CA 01

**HERMAN LEE CRAWFORD,**

   **Plaintiff,**

**vs.**

**PARK ONE OF FLORIDA, LLC,**
**a Foreign Profit Corporation,**

   **Defendant.**

_____/

### PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES

   COMES NOW, the Plaintiff, who hereby file this Notice of Service of Interrogatories propounded to Defendant and states that the original and one copy of said Interrogatories and a true copy of the foregoing Notice of Serving Interrogatories were delivered to Defendant by via electronic mail. The Plaintiff requests that the Florida Rules of Civil Procedure be complied with and that all time limits imposed by the same be adhered to by the Defendant when submitting answers to the following questions to the undersigned.

Date: 10/30/18

        Respectfully submitted,

        **REMER & GEORGES-PIERRE, PLLC**
        44 West Flagler Street, Suite 2200
        Miami, FL 33130
        Telephone: (305)416-5000
        Facsimile: (305)416-5005

        By: _/s/ **Brody M. Shulman**_
         Jason S. Remer, Esq.
         Fla. Bar No.: 0165580
         Brody M. Shulman, Esq.
         Fla. Bar No.: 092044
         Miriam Brooks, Esq.
         Fla. Bar No.: 0118144

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via

E-Mail on 10/30/18 to:


**SERVICE LIST**
Alex Rosenthal, Esq.
Fla. Bar No. 815160
Alex@rosenthalcounsel.com
Rhiannon Sforza-Flick
Fla. Bar No. 93021
rhiannon@rosenthalcounsel.com

ROSENTHAL LAW GROUP
Weston Professional Centre
2115 N Commerce Parkway
Weston, FL 33326
Tel: 954-384-9200